May it please the Court, my name is Sable Landrum, and I, along with my colleague Jolene Fernandez, are certified law students at the University of California, Irvine, under the supervision of Catherine Davis and Peter Afrasiabi. And we are here on behalf of the petitioner and the respondent, Rogelio Salas-Gomez. Before I proceed, we respectfully request three minutes for rebuttal. Yes, please try to keep track of the time yourself, and I'll try to help you, but don't count on it. Yes, Your Honor. Your Honors, the essence of this case is that the immigration judge and the BIA, on appeal, erred by prematurely relying on statements made by counsel rather than properly adjudicating the fact of a conviction. Rather than properly adjudicating the fact of a conviction, and then categorically held Salas-Gomez to be categorically ineligible for relief. What needed to happen, then? What needed to happen is under 1240.8d, the record would have needed to indicate that there may have been grounds for mandatory denial of relief. By record of conviction, that by evidence, that would mean a record of conviction. Instead, there was a confused colloquy in the second hearing, and the immigration judge relied on that colloquy to make a determination that there was a disqualifying conviction. So once there was that ---- Do we know what the parties were referring to when, or the parties, the lawyers were referring to when they were looking at something and saying, well, it looks like he was convicted of something involving drug use. Do we know what that was? Your Honor, that's precisely the problem. We don't. It was never identified what documents were being looked at when the determination ---- when they were making their statements. We don't know if it was simply notes from discussing it with the client. We don't know if it was an actual record of conviction. Nothing was ever looked at. The immigration judge never asked to look at the document. It was not ---- nothing was ever entered into evidence. And because there was no evidence, that's where the error occurred. The attorney's statements are not evidence. The statements were made after the pleading stage. The only thing that was pled to was that the petitioner entered without inspection. Once that plea had been completed, we moved on to the evidentiary stage of the hearing to discuss the application for cancellation of removal. At that point, any of the statements made by the attorney is not evidence. It is not ---- So the fact that he and his admitted ---- because, I mean, the lawyer volunteered this, it appears from the record, that his client had been convicted of something. And so he and the lawyer and the petitioner admitted to the IJ in open court there that he was ---- that he had a conviction for meth. Do we ---- what are we supposed to do with that? Your Honor, if I draw your attention to the record at AR-50, what Lucero said was it was attempted possession of a controlled substance. We don't know what that statute is, and we don't know how broad or narrow ---- I know that. I understand that. We don't know exactly what it was. But what do we do? Do we just ignore, though, that the lawyer and the petitioner himself, when asked directly, what was the drug you were convicted of, and he said meth. I think, if I recall the transcript and the colloquy that took place. Under 8 CFR 1003.41 and this Court's prior decision in Tocatli, yes, you would ignore those statements. The immigration judge could then request other documents, could request something indicating a record of conviction at that point, but the immigration judge did not do so. Instead, the immigration judge relied on the confused colloquy and said that based on the discussion, it appears there may be evidence of a conviction for a controlled substance. He never said that there was one, and he never said he looked at anything beyond the discussion between the counsels and the one brief statement made by the petitioner. Under 1003.41, while this Court has never adjudicated whether a statement falls under 1003.41d, the First Circuit and the Second Circuit have. And under both those circuits, they have unequivocally stated that statements do not, in the testimonial stage, do not consist of other evidence under 1003.41d. To go further, the First Circuit relied on a case called In Re Picardo that appeared before the BIA. That case was relied on in Tocatli, so by implication, we could say here as well that the Ninth Circuit has also taken the position that statements made in the evidentiary stage do not consist of other evidence. Well, let me ask you a question. If we assume that the record about what if there was or what the nature of the conviction was is inconclusive, under Young and other Ninth Circuit law, explain to me who has the burden of showing that he's eligible. Does he have to come forward and prove that he didn't have a qualifying felony or in the absence of the notice to appear where there is a charge, does he even have any obligation at all to come forward with proof? Your Honor, in the first instance, the Petitioner does not have the obligation to produce the evidence. Under 1240.8d, it says if the evidence may indicate that there's grounds for mandatory denial, then the burden shifts to the Petitioner to say that he's not categorically ineligible for relief. It doesn't mean that relief will be granted, but just that he's not categorically ineligible for relief. At that, under Young, we actually had a record of conviction. So there was evidence that indicated there may be grounds for mandatory denial. The inconclusivity of the record was simply what was exactly pledged to. But we knew that the statute itself, we had the language of the statute itself, which was not overly broad. This appears to be the determination in Young. So what happened here is it was never adjudicated whether the statute was even one that would preclude relief had the Petitioner been found guilty. So first we need to know what is the statute? What does it say? If he pled guilty, does that actually make him ineligible? Once we know that, now the burden shifts to the Petitioner to say whether or not he was actually convicted of that offense. That is essentially what did not happen here. And based on that, that is why we are asking for remand, so that it gets properly adjudicated. Yes, Your Honor? Kagan. I'm sorry. I interrupted you, but I think you're answering my question. So what do we do with this record? And you were saying we go to remand to do what? Right. We remand to ask that this conviction be properly adjudicated before the court. This is consistent with this Court's holdings in Escobar-Garcia, and there was a post-Young case where that happened as well, essentially with Topia Cruz, where there was no record of conviction. It gets sent back for remand to properly adjudicate it. The immigration judge has a duty to properly adjudicate the record before this Court. And that's what we request at this time. I am out of my time. I would like to reserve the remaining time. Three minutes, did you say? Yes. All right. You'll have three minutes. So we'd like to reserve the remaining time. All right. Well, we're giving you more than the remaining time. We're giving you the time you requested. Maybe she doesn't want the remaining time. Thank you. We appreciate that, Your Honor. If you don't want the whole three minutes, you can stop after just a moment. Thank you. Thank you, Your Honor. Counsel. May it please the Court? I'm Lindsay Corliss, and I'm here for the Respondent in this case. Could you speak up a little? Oh, I'm sorry. Maybe you want to move the mic. I'm not sure whether it's... Is this a little bit better? Yes. I think it's speaking louder. I'm not sure the mic does it. It may just be a recorder. All right. But it's fine. I'll try to speak up. So removability is not an issue in this case. Having conceded that he was removable, Mr. Salas-Gomez had the burden to establish that he qualified for some kind of relief. The relevant form of relief in this case is cancellation of removal. The cancellation of removal statute specifies that the applicant bears the burden of proving, among other things, that he has not been convicted of a controlled substance violation. Well, how do we get there? How do we know what he was convicted of other than his statement, which apparently, according to your colleague and opposing counsel, were not to look at that based on the case law? Well, based on the case law, I actually disagree that you shouldn't look at it. There's a line of cases beginning with Magalena's Damien v. INS. And if you'd like a citation for that, that's 783 F. 2nd, 931. This is the Ninth Circuit in 1986, which found that when an admission is made as a tactical decision by an attorney in a deportation proceeding, that admission is binding on his client and may be relied upon as evidence of deportability. How is this a tactical decision? If you read the record, there's this discussion about when they're going to have hearings, and then the guy says, oh, by the way, he might have some kind of a conviction that might disqualify him. That doesn't sound tactical. That sounds like a mistake. Your Honor, the reason that it was revealed was in order to obtain a continuance in the case. This happened actually twice. The very first time that he appeared in proceedings and admitted that he was removable, his attorney revealed that he had this disqualifying conviction, that he hoped he could get vacated in Utah. But he didn't even know what it was, right? He didn't know exactly what it was. Apparently, another attorney was handling the attempted vacating in Utah. However, he did identify it as a problem. Later on, he specifically answered. You can see on page 46 of the record where the immigration judge specifically asks this attorney whether or not his client is eligible for a cancellation of removal, and he indicates that they're still going through the process of trying to get him. Right. But did anybody ever find out what the crime was he allegedly was convicted of? Because the drug was identified by the petitioner as meth, referred to by the immigration judge as cocaine. Yes. And there's nothing in the notice to appear that says he ever had any kind of felony conviction. So does anybody know what it was? Well, I would say that the reason why we aren't sure exactly what it is is because it was never made an issue by petitioner. He had an opportunity several times going all the way back to his first application. Let's back up again. The rule, CFR, it's 8 CFR, section 1240.8D, places the burden on the alien if the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply. What's the evidence? The evidence is an admission for a tactical reason, and getting a continuance is a tactical reason. Is that your best argument? Because you can't say, can you, that it was clearly established or somewhat clearly established from the record that any document was presented, any abstract of judgment was referred to, nothing like that. You have that. You concede you don't have that, right? I concede that we don't have that. And I agree with you that it would be better if we could review this record. Okay. And the next CFR, I think it's 8 CFR, section 1003.41, defines evidence of criminal – it defines evidence of criminal conviction. Yes. You agree we don't have evidence of a criminal conviction, other than by looking at what you say the case law is that says that if it supports a tactical decision, that's the only way we get there. Well, there are a couple different ways of looking at 8 CFR section 1003.41. Now, D is the relevant provision here because we don't have any of the specifically listed documents. So we can see that there are none of those specifically listed documents. So we have a range in different circuit courts on how broad the scope of section D would be. The Second Circuit, as is mentioned by opposing counsel, does state – well, basically, the Second Circuit limits it to the record of conviction. That is not what was held in the Seventh or in the Third Circuits. Specifically in Verrattis, in the Seventh Circuit, they found that they specifically disagreed with the Second Circuit's construction of that part or interpretation of that part of the regulation. And they stated that it's broader, that that catch-all provision is broader than just the record of conviction. What did they rely on there? They relied on the actual regulation. And they stated that if – sorry. I'm sorry. Maybe I'm confusing this. But did they have a record of conviction? Oh, it was statements made by the alien himself in testimony, not – At the same stage as this case? Yes. No. The statements were made below in front of an immigration judge. Okay. Sorry. I mean, at what point in the proceedings were those statements made? They were made during a hearing in front of the immigration judge during the merits, during a merits hearing. And do you think – was this a merits hearing? No, it was not. And does that make a difference? Yes. Because what the Seventh – well, no, it doesn't make a difference necessarily. But here's what the Seventh Circuit held in that case. They held that the Second Circuit's construction was too narrow, that Congress had intentionally created this language to say that evidence of the existence of a conviction could be broader than just the record of conviction itself. Now, they didn't go so far as to say that it would be enough to show the facts underlying the conviction. However, what the Seventh Circuit said is that as long as the evidence is probative and that admission is fundamentally fair, that that was – that that was sufficient in order for it to be evidence. And since this Court does have several cases which say that a tactical decision, including stuff like – So if we disagree with you that this was a tactical decision, what do you have to rely on? That – well, there are two different ways that you can say this. Well, then you need to get to them. Sorry. All right. The first is that – that in Young, they stated that – that the immigrant has the burden to prove that he's eligible for some sort of relief. Now, usually when an immigrant is saying that he can – he can apply for this relief, he will at some point at least assert that he's eligible. We have an application here that's silent on that – on that point. And then we have – have his attorney then going forward and saying that he's not eligible. And we have the alien himself admitting that he had this conviction for possession of meth. So this is all that we have to go on. There was never an attempt whatsoever in order for this person to meet his burden of proof. Now, in order – in order to find that he did meet his burden of proof, essentially we would be saying that an immigration judge cannot accept a concession made for a DHS submits evidence that proves that his – that his concession was correct. That's a tactical decision. Do you have a – you said you had two. What was your second alternative besides that? Well, this – this is not exhausted. The problem here is that we don't have a full record of conviction. And if you're going to be saying the reason why this is a problem, that – that the record wasn't complete because there was no record of conviction, that is something that needs to be exhausted before the board. That's a procedural due process claim. The board at that point could have decided to – to – would have had to find two things. Number one, that there was an error, that there was a procedural defect. And number two, that that error actually prejudiced the – the applicant. So at that point, the immigration – the board could have determined that the fact that the – that the record wasn't complete, whether or not it actually impinged on this person's rights, and could have at that point sent it back to the immigration judge. That's why – and then when we would be doing this process in front of the Ninth Circuit, we would have a complete record. But because they did not exhaust that claim, which is mandatory and statutory, and as we see in this case, quite practical, because we would be able to look right into a record of conviction and say, well, you know, this is what – what he was found to have convicted, because that record is incomplete and because he didn't raise that – that issue before the board when they could have corrected it, that issue is – we don't – this Court does not have jurisdiction over that issue. Can I ask one more question? Certainly. I don't get this tactical decision. So if I understand the argument, I don't know the facts, but I'm a lawyer representing somebody, and I make a suggestion about facts that I don't know about, but then the client is bound because that's a tactical decision? Well, Your Honor, what was going on is that we have two parties both looking at documents. At that point, the immigration judge could have asked the opposing counsel to reach the counsel. Well, they weren't looking at documents, were they? Well, it seemed as though both counsel were looking at documents. They were reading off of a document in court. Had the immigration judge decided at that point to say, well, we're going to do this hearing right now, he could have asked for that evidence. That would have been submitted into evidence, and he could have pre-terminated the application right then and there. However, instead of that, they revealed that he had a disqualifying conviction that they hoped to vacate in Utah at that point. And so in order to get more time, the immigration judge had to accept that it was true that he had something that posed a problem. And so at that point, the immigration judge granted extra time to this person and did so two times in exchange for that information regarding a disqualifying conviction. And I say that I'm out of time, but I do just want to mention that this Court has found stuff like change of venue also qualifies as something that's a tactical decision if information is revealed for the purpose of obtaining a change in venue. So that's the sort of thing that we're looking at. But I do see that I am out of time, and I apologize. Thank you, Jennifer. Thank you so much. Good morning, Your Honors. In rebuttal, I would like to make five points. The first point is Solis-Gomez was not obligated to proper documents in the first instance. There is nothing in the language of the Real ID Act statute or Regulation 8 CFR section 1240.8 sub D or even within the instructions of the cancellation of the application removal that require him to provide proper conviction records in the first instance. Second, this was no evidence that this was a tactical decision. There's no evidence that counsel had to disclose the disqualifying conviction in order to get a continuance. By that ---- Well, wasn't the continuance for the purpose of attempting to get his conviction vacated? That's right, Your Honor. But once again, there's no other evidence that this was a purely tactical scheme. But more importantly, the I.J. still had his independent duty to adjudicate the fact of the conviction, regardless of whether there was a pending motion to vacate. And this is supported by the Ninth Circuit's en banc decision in Young. The I.J. has the independent duty to adjudicate the fact of the conviction. Well, maybe that part of Young is not controversial. Some parts are. We haven't really gotten to that discussion. But we're off on a route which may be dispositive if this doesn't come out of your time. This is just a speech. But we're off on a tack that does not require us to say what the status of Young is. But if this did not prove dispositive from your standpoint, we would then have to reach the question of what the effect of Young is. Okay. We'll just have that little speech set aside. Now, continue. Fair enough, Your Honor. Once again, neither counsel's statements nor Saul's government's response to the I.J. constitute admissions. The only admissions that were made that was that Solis-Gomez pled to entry without inspection, and that was the sole charge within the NTA. The statements made by counsel and Solis-Gomez during the evidentiary stage are not admissible under the modified categorical rule as held by this court in Tocatli. Fourth, counsel, there is nothing within the Ninth Circuit that states that statements count as evidence of the existence of a criminal conviction. And I would like to direct this Court's attention to Ortega. In fact, if we were to regard statements made during the evidentiary stage, by counsel or the alien, as proof of an existing conviction, that would contradict this Court's holding in Tocatli as well as Shepard. And the last point I would like to bring out is this issue was exhausted. The rule for exhaustion is if the BIA had adequate notice of the issue and it had the opportunity to rule on it, the BIA did rule on this matter, and it ruled on the substantive merits that whether counsel's statements standing alone were enough to bar relief. Thank you, counsel. And lastly, Your Honor, we would like to request a supplemental brief regarding the tactical decisions of the case because it was never cited in the government's brief. Thank you. All right. We'll let you know if we need any further briefing. Thank you, counsel. The case is argued will be submitted.
judges: Molloy, Reinhardt, Murguia